UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APOLLO JOHNSON #343032,

       Plaintiff,                                         Hon. Jane M. Beckering

v.                                                                     Case No. 1:21-cv-186

ROBERT GOODSPEED,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before me on Defendant's Motion for Partial Summary Judgment based on Plaintiff's failure to exhaust his administrative remedies. (ECF No. 15.) The motion is fully briefed and ready for decision. Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that Defendants' motion be **DENIED**.

### I. Background

Plaintiff, a prisoner incarcerated with the Michigan Department of Corrections (MDOC), has sued MDOC employee Robert Goodspeed pursuant to 42 U.S.C. § 1983 alleging that Goodspeed retaliated against him in violation of the First Amendment. Plaintiff is currently housed at the Saginaw Correctional Facility, but the events at issue occurred at Oaks Correctional Facility (ECF) in Muskegon, Michigan, where Goodspeed is a Hearing Inspector.

Plaintiff alleges that in June 2019, CO Jacobs wrote Plaintiff a "sexual misconduct." The hearing on the misconduct was scheduled for June 20, 2019. Plaintiff alleges that, although he had informed prison staff that he wished to attend the hearing, Goodspeed, who conducted the hearing,

1

listed Plaintiff as having refused to attend. (ECF No. 1 at PageID.8–10.) Plaintiff claims that he filed a grievance against Goodspeed later that day. (*Id.* at PageID.13.)

Plaintiff alleges that on September 22 and 27, 2019, he sent Goodspeed kites requesting hearing packets to appeal prior Class I misconducts, but Goodspeed never provided the appeal hearing packets. Plaintiff alleges that Goodspeed refused to provide the appeal packets in retaliation for Plaintiff's prior grievance activity. (*Id.* at PageID.12.) On October 3, 2019, Plaintiff filed a Step I grievance against Goodspeed for retaliating against him by failing to provide an appeal packet. Plaintiff alleges that on October 9, 2019, Goodspeed issued Plaintiff a retaliatory Class II misconduct for insolence for using Goodspeed's first name in a grievance. (*Id.* at PageID.13.)

On October 23, 2019, Plaintiff filed a Step I grievance against Goodspeed for issuing the October 9, 2019 retaliatory Class II misconduct. Plaintiff alleges that Goodspeed retaliated against him again on October 24, 2019, by issuing another Class II misconduct for insolence (using Goodspeed's first name in a grievance). (*Id.* at PageID.14.)

## II. Summary Judgment Standard

Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Material facts are facts that are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th

Cir. 1992) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## II. Analysis

### A. Claims at Issue

The initial task in determining whether Plaintiff exhausted his administrative remedies is to identify the claims at issue in this case. In his opening brief, Goodspeed discerned the following retaliation claims from the complaint: (1) Goodspeed retaliated on September 27, 2019, by refusing to provide a Class I misconduct hearing packet to Plaintiff; (2) Goodspeed retaliated on October 9, 2019, by issuing a Class II insolence misconduct ticket; and (3) Goodspeed retaliated on October 24, 2019, by issuing a Class II insolence misconduct ticket. (ECF No. 16 at PageID.91.) In his response, however, Plaintiff clarified that his retaliation claims are based only on Goodspeed's issuance of the October 9 and October 24, 2019 Class II insolence misconduct tickets. (ECF No.

21 at PageID.220.) Accordingly the only issues for decision are whether Plaintiff exhausted his claims regarding the two misconduct tickets.

  B.  **Exhaustion**

The Supreme Court has held that a prisoner properly exhausts a claim for purposes of 42 U.S.C. § 1997e(a) by complying with the prison's "deadlines and other critical procedural rules." W*oodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Jones v. Bock*, 549 U.S. 199 (2007), the Court reiterated:

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Id.* at 218.

Generally, a prisoner incarcerated with the MDOC must "pursue a grievance through all three steps of the grievance process [set forth in MDOC Policy Directive 03.02.130]." *Weatherspoon v. Strahan*, No. 18-2210, 2019 WL 5306842, at *1 (6th Cir. June 4, 2019). Because Plaintiff's claims are based on Goodspeed's issuance of Class II misconduct tickets, however, Plaintiff was required to exhaust his claims by raising the issue of retaliation during the misconduct hearings. *See Smith v. Goulet*, No. 1:17-cv-618, 2018 WL 3688468 at *2 (W.D. Mich. Aug. 3, 2018) ("Because the ordinary grievance procedure does not apply to disputes arising out of misconduct hearings, the prisoner must instead raise the issue in the misconduct hearing."); *Miller v. Klee*, No. 17-11006, 2018 WL 1354473 at *5 (E.D. Mich. Feb. 23, 2018) (stating that "a prisoner claiming that the issuance of a misconduct ticket constitutes retaliation, must raise that issue during the first misconduct hearing in order to exhaust administrative remedies"); *Alexander v. Ojala*, No. 2:16-cv-85, 2016 WL 6662559, at *3 (W.D. Mich. Sept. 23, 2016), *report and recommendation adopted*, 2016 WL 6659133 (W.D. Mich. Nov. 10, 2016) (concluding that the plaintiff could only

4

exhaust his retaliation claim for minor misconduct ticket by asserting the claim during his misconduct hearing.). In addition, after raising the issue during the hearing, a prisoner must file an appeal based on retaliation. *See Johnson v. Newcomb*, No. 2:19-cv-93, 2020 WL 9311855, at *3 (W.D. Mich. May 1, 2020), *report and recommendation adopted*, 2021WL 940590 (W.D. Mich. Mar. 12, 2021) (citing Mich. Dep't of Corrs. Policy Directive 03.03.105 ¶¶ UUU–XXX). Therefore, Plaintiff was required to exhaust his retaliation claims by raising them both in the misconduct hearings and in appeals.

    1.    **October 9, 2019 Misconduct**

There is no dispute that Plaintiff raised the issue of retaliation in the hearing on the October 9, 2019 misconduct ticket. (ECF No. 16-4 at PageID.181.) In his response, Plaintiff claims that he appealed the hearing officer's decision on November 1, 2019, and he attaches a Class II and Class III Misconduct Appeal form to his response. (ECF No. 21 at PageID.225; ECF No. 21-1 at PageID.246.) Plaintiff clearly raised the issue of retaliation in the appeal form, but there is no indication that Plaintiff actually submitted the form or that the deputy warden actually received it and considered the appeal. Goodspeed contends that this evidence is insufficient to show that Plaintiff actually filed an appeal. However, exhaustion is an affirmative defense, upon which Goodspeed bears the burden of proof. *Jones*, 549 U.S. at 212–16. Here, Plaintiff asserts that he actually filed an appeal on November 1, 2019, and provides *some proof* of his assertion. Goodspeed fails to rebut Plaintiff's assertion by, for example, submitting an affidavit from an appropriate prison official establishing that the appeal was never received and thus never considered. Plaintiff's proof suffices to raise an issue of fact as to whether he actually filed an appeal of the October 18, 2019 hearing decision. Because Goodspeed must show "that the evidence is so powerful that no reasonable jury would be free to disbelieve it," *Arnett*, 281 F.3d at 561, I recommend the Court deny Goodspeed's motion as to this claim.

5

## 2. October 24, 2019 Misconduct

Although the Misconduct Hearing Report on the October 24 insolence misconduct does not indicate that Plaintiff raised the issue of retaliation at the hearing (ECF No. 16-4 at PageID.183), Plaintiff states that the hearing officer did not accurately document his statements at the hearing and that he "did in fact apprise A/Lt. Baker (hearing officer) that defendant . . . Goodspeed . . . was clearly retaliating against Plaintiff for filing the grievance complaint against him." (ECF No. 21 at PageID.225.) Plaintiff thus creates a genuine issue of fact as to whether he argued retaliation during the misconduct hearing. As to the appeal, Plaintiff submits an expedited legal mail disbursement authorization form dated December 9, 2019, that he submitted to the Carson City Correctional Facility (DRF) after he was transferred there in November 2019. Plaintiff states in his response that he was transferred to DRF sometime during November and sent a memorandum addressed to A/Lt. Baker on December 9, 2019, requesting an appeal form to appeal the October 24, 2019 misconduct hearing decision "to no avail . . . which impeded any chance to file[] an appeal within the 15-day deadline to appeal." (ECF No. 21 at PageID.226.) The expedited mail request form does not align with Plaintiff's statement, as it is addressed to Defendant Goodspeed, not A/Lt. Baker. But in his complaint, Plaintiff claims that on December 9, 2019, he sent an "epistle" to ECF from DRF requesting a copy of his misconduct report and a misconduct hearing packet to appeal Lt. Baker's hearing decision. (ECF No. 1 at PageID.15.) In any event, at this juncture, disputed issues of material fact remain that preclude summary judgment as to whether Plaintiff exhausted this claim. Such issues include, for example, the date Plaintiff was transferred to DRF, the date he received the November 6, 2019 hearing report, whether he could have filed an appeal within the 15-day period, and whether and from whom Plaintiff requested an appeal form. Because Goodspeed bears the burden of proof on exhaustion, he has failed to demonstrate that he is entitled to summary judgment on this claim as well.

## IV. Conclusion

For the foregoing reasons, I recommend that the Court: (1) order that Plaintiff's retaliation claims are limited to the October 9 and 24, 2019 Class II insolence misconducts; (2) deny Defendant's motion for partial summary judgment (ECF No. 15); and (3) order that the exhaustion defense be deemed waived in the event that Defendant does not request a bench trial on the issue within 14 days.

Dated: February 11, 2022                            /s/ Sally J. Berens
                                                                                             SALLY J. BERENS
                                                                                             U.S. Magistrate Judge

**NOTICE**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).