UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APOLLO JOHNSON,

    Plaintiff,

v.

ROBERT GOODSPEED,

    Defendant.

_____/

Case No. 1:21-cv-186

HON. JANE M. BECKERING

## OPINION AND ORDER

    This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, Apollo Johnson, alleges that Defendant, Hearing Investigator Robert Goodspeed, retaliated against him in violation of the First Amendment associated with his filing grievances against Defendant. Defendant moved for summary judgment and attached evidence in support of the motion. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant the motion and dismiss this case. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. Defendant filed a response to Plaintiff's objections. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

    After fully setting forth the factual background and legal framework, the Magistrate Judge determined that while Plaintiff had presented sufficient evidence to create an issue of fact as to

whether the grievances he had filed constituted protected conduct, Plaintiff's evidence fell short of rebutting Defendant's affidavit and creating a dispute of fact regarding causation. Thus, Defendant was entitled to summary judgment on Plaintiff's retaliation claim based on the causal connection element of the claim: whether Defendant's adverse action (in issuing Plaintiff misconduct tickets for insolence) was taken because of the protected conduct (Plaintiff's grievances) (*see* R&R, ECF No. 45 at PageID.453) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc)). The Magistrate Judge determined that Plaintiff failed to rebut Defendant's affidavit stating that Defendant issued the misconduct tickets not because of a retaliatory motive but because Plaintiff used Defendant's first name in the grievance, which Defendant viewed as "insolence" (*id.* at PageID.457–460).

Plaintiff argues that the Magistrate Judge erred in her analysis of the causal connection element of his retaliation claim (Pl. Obj., ECF No. 48 at PageID.467–470). In his objections, Plaintiff argues that he did not violate Michigan Department of Corrections (MDOC) policy against insolence or "overly familiar conduct" and thus a causal connection between Defendant's alleged retaliation and Plaintiff's protected conduct exists (*id.* at PageID.467–468). Plaintiff's objection demonstrates a misunderstanding of the Magistrate Judge's analysis. The Magistrate Judge specifically determined that there is "no evidence" that Plaintiff violated MDOC policy, and the Magistrate Judge explained that "[t]he issue here is not whether Goodspeed correctly applied the insolence regulation or improperly punished Plaintiff for using his first name. Rather, the issue is whether Goodspeed issued the misconduct tickets in retaliation for Plaintiff's grievances. Plaintiff's evidence falls short of establishing a retaliatory motive" (R&R, ECF No. 45 at PageID.456, 459; *see* Resp., ECF No. 49 at PageID.476). Plaintiff fails to demonstrate any factual or legal error in the Magistrate Judge's analysis and his objection is properly denied.

Plaintiff also objects to the Magistrate Judge's assessment of certain evidence offered by Plaintiff, including, for example, a June 20, 2019 grievance for which Defendant did not issue a misconduct ticket to Plaintiff for using his first name (Pl. Obj., ECF No. 48 at PageID.468–469). The Magistrate Judge determined that the June 20, 2019 grievance "was never processed on the merits" and did not indicate that Defendant was aware of the grievance sufficient to create an issue of fact as to whether Defendant acted with retaliatory animus (R&R, ECF No. 45 at PageID.460–461). The Magistrate Judge considered Plaintiff's evidence and determined that the examples offered by Plaintiff of "numerous kites, memoranda, and grievances to staff members …, including Goodspeed," for which Plaintiff did not receive misconduct tickets similarly did not "indicate that they were received by the intended recipients" (R&R, R&R, ECF No. 45 at PageID.460). Plaintiff re-attaches to his objections a September 2019 memorandum addressed to Defendant with Defendant's name crossed out and argues that striking out one's name on a memorandum or kite before returning it to prisoners is "a normal [MDOC] procedure" and thus the Magistrate Judge was incorrect to assume that Defendant did not receive Plaintiff's June 2019 grievance (Pl. Obj., ECF No. 48 at PageID.469; ECF No. 48-1 at PageID.474; *see also* ECF No. 40-11 at PageID.427 (September 2019 memorandum)). Plaintiff also argues that because Defendant's office is in the same building as the grievance coordinator's, Defendant would not have written the misconducts absent the grievances because "staff are made aware" when grievances are rejected or denied (Pl. Obj., ECF No. 48 at PageID.469). As Defendant points out in response, Plaintiff's conclusory assertions that MDOC staff "cross off certain portions of memorandums before sending them back to prisoners" or that "staff are made aware of rejected or denied grievances" fail to provide support for his arguments sufficient to raise an issue of material fact (Resp., ECF No. 49 at PageID.476–477). Further, the Magistrate Judge thoroughly considered the record in this case, including the

3

matters identified by Plaintiff in his objections (*see* R&R, ECF No. 45 at PageID.459–460, 460 n.1).  This Court's review of the record shows that Plaintiff's September 2019 memorandum and conclusory arguments fail to raise an issue of material fact as to Defendant's retaliatory motive.  Plaintiff's mere disagreement with the Magistrate Judge's analysis does not serve to demonstrate factual or legal error.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  Because this Opinion and Order resolves all pending claims in this matter, this Court will also enter a Judgment consistent with this Opinion and Order.  *See* FED. R. CIV. P. 58.  Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 48) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 45) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 35) is GRANTED.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

Dated:  January 31, 2023         /s/ Jane M. Beckering
                                 JANE M. BECKERING
                                 United States District Judge